**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | |
|---|---|
| **DENISE WILSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Case No. 23-CV-2135-JAR-TJJ |
| v. | ) |
| | ) |
| **JETAVIVA, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

**SCHEDULING ORDER**

On July 17, 2023, U.S. Magistrate Judge Teresa James conducted a scheduling conference in accordance with Fed. R. Civ. P. 16. Plaintiff Denise Wilson appeared through counsel Martin Meyers and Sean McGivern, by phone. Defendant jetAVIVA, LLC appeared through counsel Abbey M.B. Lee by phone. Following is a brief summary of the nature of the case:

This Court has jurisdiction under 28 U.S.C §§ 1331 and 1367. Plaintiff Denise Wilson ("Wilson") is a former Sales Director of Defendant jetAVIVA, LLC ("jetAVIVA"). Wilson seeks a declaratory judgment regarding the enforceability of certain provisions in the Non-Solicitation, Non-Compete and Confidentiality Agreement ("Agreement") between the parties which on their face apply only if Plaintiff was legitimately terminated for cause. Wilson also asserts a claim for violation of the Fair Labor Standards Act of 1938 ("FLSA") and retaliatory discharge under the Kansas Wage Payment Act. Defendant asserts the restrictive covenants in the Agreement are valid and enforceable; jetAVIVA did not violate the FLSA; and it did not terminate Plaintiff's employment in retaliation for asserting protected rights.

After consultation with the parties, the court enters this scheduling order, summarized in the following table:

| DENISE WILSON v. JETAVIVA, LLC<br>23-cv-2135-JAR-TJJ<br>SUMMARY OF DEADLINES AND SETTINGS ||
|---|---|
| Event | Deadline/Setting |
| Defendant shall file disclosure of LLC member residency | **July 21, 2023** |
| Plaintiff's settlement proposal | **Already served** |
| Defendant's settlement counter-proposal | **July 31, 2023** |
| Jointly proposed protective order submitted to court | **July 31, 2023** |
| Plaintiff may amend Complaint as a matter of right to clarify jurisdiction | **August 4, 2023** |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | **August 15, 2023** |
| Jointly filed mediation notice, or confidential settlement reports to magistrate judge | **August 15, 2023** |
| Motions to amend or join additional parties | **September 11, 2023** |
| Mediation completed | **October 2, 2023** |
| Experts disclosed | **November 20, 2023** |
| Rebuttal experts disclosed | **December 18, 2023** |
| Supplementation of initial disclosures | **40 days before the deadline to complete all discovery** |
| All discovery completed | **January 17, 2024** |
| Proposed pretrial order due | **January 25, 2024** |
| Pretrial conference in KCK | **February 7, 2024 at 10:00 a.m.** |
| Potentially dispositive motions (e.g., summary judgment) | **February 23, 2024** |
| Motions challenging admissibility of expert testimony | **February 23, 2024** |
| Jury Trial in KCK — ETT 5 days | **Set after ruling on dispositive motions** |

2

1.      **Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the court determined that settlement potentially would be enhanced by early mediation. Toward that end, Plaintiff has already submitted a good-faith settlement proposal to Defendant and Defendant must make a good-faith counter-proposal by **July 31, 2023.** By **August 15, 2023,** the parties must submit confidential settlement reports or file a joint notice stating the full name, mailing address, and telephone number of the mediator they selected, along with the firmly scheduled date, time, and place of mediation. These confidential reports must not be submitted to the presiding U.S. District Judge or filed with the Clerk's Office. These confidential reports must set forth in detail the parties' settlement efforts to date (including the amounts of offers exchanged), evaluations of the case, views concerning future settlement negotiations, overall settlement prospects, and a specific recommendation regarding mediation or any other ADR method, e.g., arbitration, early-neutral evaluation, or a settlement conference with a magistrate judge. If the parties cannot agree on a mediator and any party wants the court to select a particular mediator or other ADR neutral, then the parties may each submit up to three nominations in their confidential settlement reports; such nominations must include each nominee's qualifications and billing rates, and confirmation that the nominee already has pre-cleared all ethical and scheduling conflicts. Absent further order of the court, mediation is ordered no later than **October 2, 2023**. If mediation is ordered, it must be conducted in-person absent a request by the parties for virtual or remote mediation and the court's approval of such a request. The court will require any request to conduct mediation virtually or remotely to be supported by good cause. Defense counsel must file an ADR report within 14 days after any scheduled ADR process, using the form on the court's website: *http://www.ksd.uscourts.gov/adr-report/*.

**2.     Discovery.**

a.      The parties have served Fed. R. Civ. P. 26(a)(1) initial disclosures regarding witnesses, exhibits, damages, and insurance. Supplementations of initial disclosures must be served at such times and under such circumstances as required by Fed. R. Civ. P. 26(e). In addition, such supplemental disclosures must be served 40 days before the deadline to complete discovery so as to identify all witnesses and exhibits that probably will be or even might be used at trial so that the opposing party can decide whether to pursue follow-up discovery before the time allowed for discovery expires. Witnesses or other information included in a party's final Fed. R. Civ. P. 26(a)(3) disclosures that did not previously appear in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto presumptively will be excluded from evidence under Fed. R. Civ. P. 37(c)(1).

b.      Defendant shall file a disclosure of LLC member residency by **July 21, 2023**.

c.      All discovery must be commenced or served in time to be completed by **January 17, 2024**.

d.      The parties agree that principles of comparative fault do not apply.

e.       As required by Fed. R. Civ. P. 26(a)(2)(D), expert disclosures must be served by **November 20, 2023,** and, for experts testifying solely to contradict or rebut evidence on the same subject matter identified by another party, disclosures must be served by **December 18, 2023**. The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all the information required by Rule 26(a)(2)(B)

has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before raising those objections in a pre-motion conference with the court pursuant to D. Kan. Rule 37.1(a).

      f.      The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 are not appropriate in this case.

      g.      At this time, the parties do not anticipate any discovery problems.

      h.      Consistent with the parties' agreement, electronically stored information (ESI) in this case will be handled as follows: The parties intend to produce ESI in hard copy or static form (e.g., PDF, or TIFF images), thereby allowing documents produced to be indexed and individually marked through "Bates" stamping. When either party wishes to discover particular ESI (e.g. metadata or native format) associated with a produced document, the party will notify the producing party in writing and identify the specific document(s) by Bates-number(s) or a detailed description. The party requesting such metadata will demonstrate a particularized need for the metadata it seeks, identify the types of metadata it seeks, and identify the format in which it would like metadata produced. The preferred method of production for those documents of which meta data is specifically requested will be to produce them in PDF or TIFF format accompanied by a load file containing the requested metadata and any expenses associated with the production of such information."

      i.      Consistent with the parties' agreement, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows: The parties have agreed on the need for a protective order in this case. Consistent with the Guidelines for Agreed Protective Orders for the District of Kansas, the parties' protective order shall address the disclosure of

privileged materials. Any party withholding responsive information from discovery on the basis of privilege must timely serve a privilege log consistent with Fed. R. Civ. Pro. 26(b)(5)(A) and the case law in this District.

j. To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the court adopts as its order the following procedures agreed to by the parties and counsel:

   a. Counsel for the parties shall attempt to resolve any discovery disputes by phone or in-person conference.

   b. The parties will cooperate in scheduling depositions in accordance with the number and length limits of the scheduling order.

   c. The parties agree that papers will be served by email on counsel for defendant and plaintiff.

   d. Each party will bear the expense of depositions noticed by that party.

   e. Neither side will be entitled to discovery of communication between counsel and experts or draft expert reports.

k. No party may serve more than 30 interrogatories, including all discrete subparts, on any other party.

l. All depositions will be governed by the written guidelines on the court's website:

*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/depoguidelines.pdf*

m. Discovery may be governed by a protective order.  If the parties agree on the need for, scope, and form of such a protective order, they must confer and then submit a jointly proposed protective order by **July 31, 2023.**  This proposed protective order should be drafted in compliance with the guidelines available on the court's website:

*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/PO-Guidelines-Form-Rev.-March-2019.pdf*

6

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of particular facts that provide the court with an adequate basis upon which to make the required good cause finding pursuant to Fed. R. Civ. P. 26(c).  The parties will rely on the pre-approved form protective order that is available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

If the parties disagree on the need for, scope, and/or form of a protective order, the party or parties seeking such an order must file an appropriate motion and supporting memorandum, with the proposed protective order attached, by **August 15, 2023**.

    n.    The parties consent to electronic service of disclosures and discovery requests and responses.  *See* Fed. R. Civ. P. 5(b).

    o.    The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1.  Accordingly, the parties and counsel are reminded of their important obligations under Fed. R. Civ. P. 26(g) in certifying discovery disclosures, requests, responses, and objections and that the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both" if the certification violates Rule 26(g) (e.g., overbroad discovery requests, boilerplate objections, etc.) without substantial justification.

**3.**    **Motions**

    **a.**    Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **September 11, 2023.**

    **b.**    Plaintiff may amend complaint as a matter of right to clarify jurisdiction by **August 4, 2023.**

**c.** All potentially dispositive motions (e.g., motions for summary judgment), must be filed by **February 23, 2024.** The court will try to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, within 8 months of the dispositive motion deadline.

**d.** Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute. The parties should follow the summary-judgment guidelines available on the court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2015/10/Summary-Judgment-Guidelines.pdf*

**e.** All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by **February 23, 2024**.

**f.** Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the court to arrange a telephone conference with the judge and opposing counsel. The email request, preferably in a joint submission, must include a brief, nonargumentative statement of the nature of the dispute; the estimated amount of time needed for the conference, and suggested dates and times; and any preference for conducting the conference in person or by phone. The court will typically grant the request and contact the parties to arrange the conference within a few days. The court will inform the parties whether any additional information should be submitted or filed in advance of this

conference. Unless otherwise requested by the court, no disputed discovery-related motion, material, or argument should be filed or submitted prior this telephone conference. *See* D. Kan. Rule 37.1(a).

**g.** To avoid unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for briefing or hearing a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(c).

**h.** See D. Kan. Rule 7.1(d)(1)–(4), amended effective December 1, 2022, for applicable page limitations for discovery-related motions, summary judgment motions, and other motions.

**4. Pretrial Conference, Trial, and Other Matters.**

a. Pursuant to Fed. R. Civ. P. 16(a), a pretrial conference is scheduled for **February 7, 2024, at 10:00 a.m.** in the U.S. Courthouse, Room 236, Kansas City, Kansas, before Magistrate Judge Teresa J. James. Attorneys wishing to appear by phone may request permission to do so by sending an e-mail to chambers 7 days before the conference; however, the judge may require all parties to appear in person if the pretrial order is not in the appropriate format or other problems require counsel to appear in person. No later than **January 25, 2024,** defense counsel must submit the parties' proposed pretrial order in Word format as an attachment to an e-mail sent to *ksd_james_chambers@ksd.uscourts.gov*. The proposed pretrial order must not be filed with the clerk's office. It must be in the form available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

b. The parties expect the jury trial of this case to take approximately 5 trial days. This case will be tried in Kansas City, Kansas before Judge Julie Robinson**.** The court will subsequently set the case for trial after ruling on dispositive motions.

    c.  The parties are not prepared to consent to a trial by a U.S. Magistrate Judge at this time.

    d.  This scheduling order will not be modified except by leave of court upon a showing of good cause.

    IT IS SO ORDERED.

    Dated July 17, 2023, at Kansas City, Kansas.

                     Teresa J. James
                      U. S. Magistrate Judge