IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DENISE WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:23-cv-02135 |
| | ) |
| JETAVIVA, LLC, | ) |
| | ) |
| Defendant. | ) |

**RESPONSE TO DEFENDANT'S MOTION TO ENFORCE SETTLEMENT**

Plaintiff Denise Wilson, through undersigned counsel, responds to Defendant jetAVIVA, LLC's Motion to Enforce Settlement (Doc. 30) as follows:

Plaintiff Denise Wilson agrees that there is a settlement of the claims in this matter that was reached at mediation. Wilson does not dispute Defendant's statement of facts (Doc. 40, pp. 2-7), except for:

SOF No. 21: Wilson disputes that the parties agreed as to all terms but one. The parties agreed on terms of settlement at the mediation (see Def.'s Ex. 1). The parties were hashing through proposed revisions to these terms, and discussing additional terms that Defendant included in its draft agreement, which were never discussed at mediation.

Wilson never agreed that the additional terms or revisions in the draft releases were a statement of the parties' agreement. Unlike the settlement terms agreed to at mediation (Ex. 1), where both parties signified agreement, the exchanges of a redlined draft settlement agreement after mediation contain no similar agreement to be bound by the various redlined revisions. That is the point of having signatures.

1

SOF No. 24: Every item in Defendant's proposed agreement, which Defendant complains about, were not agreed to. For example, Defendant states Wilson must release all claims against jetAVIVA employees, though no such agreement was reached at mediation. The term sheet is clear on this. Further, there is no agreement nor is there a requirement that Wilson:

1) Clarify the minor remaining obligations under the restrictive agreement (Section 1), as the terms agreed to at mediation are clear;

2) Specify all possible legal claims under the sun that Wilson is releasing (Section 2), as she has already agreed she is releasing all claims against jetAVIVA;

3) Affirm that she has no other claims against jetAVIVA, because she is releasing those claims (Section 3);

4) Affirm that Wilson has not disclosed terms of the settlement to third parties (Section 4);[1]

5) Agrees to be fired if a certain individual or businesses hire Wilson (Section 6);

6) Provide a notarized signature.

None of the additional demands made by jetAVIVA have a basis in the terms agreed to at mediation. Rather, the version proposed by Wilson (filed under seal as Exhibit A)[2] reflects the terms reached at mediation.

---

[1] Wilson has not disclosed the terms of the agreement to third parties, but that is besides the point. jetAVIVA may pursue its rights with respect to the confidentiality agreement the parties reached at mediation without any such affirmation clause.

[2] Defendant filed certain pages from the Agreement that Wilson's counsel sent to jetAVIVA's counsel on October 24, 2023. Wilson provides the complete version as Exhibit A.

SOF No. 25: Wilson disputes that she does not intend to honor the settlement reached by the parties.  In fact, the agreement that she provided to jetAVIVA is much closer to the terms agreed to at mediation, than the one that jetAVIVA is asking the Court to enforce. JetAVIVA provides no authority for the proposition that the Court should expand or add terms to a settlement beyond those agreed to by the parties.

SOF No. 26: In this undated LinkedIn post, Wilson merely pointed out to Tom Leylo, a private jet broker trainer that regularly shares information about how beginners can break into the jet brokerage world, that it would be fair to advise those new to our industry of the proliferation of noncompete agreements and their effect on a new broker's long-term success.

Finally, Wilson contends she should not be responsible for jetAVIVA's attorneys fees in filing its Motion.  JetAVIVA has cited no authority for the proposition that a Court may require a party to agree to be bound by terms that it did not agree to be bound by.[3]  It should not be considered bad faith to decline to agree to terms that are not agreed to.  Further, the provisions Wilson's proposed final agreement are much closer to the terms agreed to at mediation than the terms in jetAVIVA's proposed agreement.

For all these reasons, Plaintiff Denise Wilson prays that the Court order that the parties proceed with their settlement as outlined in Wilson's Exhibit A (filed under seal).

---

[3] The cases that jetAVIVA cites include *Woods v. Denver Dept. of Revenue, Treasury Div.*, 45 F.3d 377, 379 (10th Cir. 1995) (plaintiff's voicemail left for defense counsel insufficient to revoke settlement agreement under OWBPA's seven day revocation rule) and *O'Neill v. Herrington*, 317 P.3d 139, 146, 49 Kan. App. 2d 896, 906 (2014) (plaintiff who offered a mutual release of all claims, which was accepted by the defendant in the time period provided by plaintiff, was bound to a mutual release of all claims; plaintiff could not carve out claims from the release based upon a secret intention to do so).

DATED: November 20, 2023.

                          GRAYBILL & HAZLEWOOD, LLC

                          /s/ Sean McGivern
                          Sean M. McGivern, #22932
                          218 N. Mosley St.
                          Wichita, KS 67202
                          Telephone: (316) 266-4058
                          Fax: (316) 462-5566
                          sean@graybillhazlewood.com

                          -and-

                          THE MEYERS LAW FIRM, LC

                          */s/ Martin M. Meyers*
                          Martin M. Meyers      KS #14416
                          mmeyers@meyerslaw.com
                          4435 Main Street
                          Suite 503
                          Kansas City, Missouri 64111
                          (816) 444-8500
                          (816) 444-8508 *facsimile*

                          *ATTORNEYS FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of November, 2023, the above and foregoing was electronically filed with the Clerk of the Court and served via the Court's e-filing system, which will give electronic notice to all counsel of record as follows:

Mitchell E. Wood
HALBROOK WOOD, PC
3500 West 75th Street, Suite 300
Prairie Village, Kansas 66208
Tel: (913) 529-1188
Fax: (913) 529-1199
Email: mwood@halbrookwoodlaw.com
***Attorney for Defendant***

    /s/ Sean McGivern
    Sean M. McGivern, #22932